data. No other person than she gave it to him. Therefore she furnished the information. In exculpating others, she is shown to have made the necessary communications. He could as availably have stated that none of the persons accused of undue influence furnished data.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(152 App. Div. 709.)

### MEYER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

   Plaintiff, 32 years old, received personal injuries through defendant's negligence, making him wholly deaf in his right ear and aggravating a previous catarrhal condition of his left ear, impairing its hearing 30 or 40 per cent. Ths condition was progressive, and would probably result in total deafness. Before the accident plaintiff could hear ordinary conversation and manifested no impairment of his hearing. *Held*, that a recovery of $5,000 was not excessive.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 178, 372-385, 396; Dec. Dig. § 132.*]

2. EVIDENCE (§ 377*)—BEST AND SECONDARY EVIDENCE—PRIVATE MEMORANDA.

   In an action for personal injuries, the card record of the hospital where plaintiff was treated was properly excluded, where it was made by persons other than those who made the examination, and at most could have raised only a doubt as to whether plaintiff was examined by the physician who testified that he made such examination, and where the physician indicated by the card refused to identify plaintiff or dispute his testimony that he did not make the examination.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1647; Dec. Dig. § 377.*]

Appeal from Trial Term, Kings County.

Action by Henry W. Meyer against the Nassau Electric Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

D. A. Marsh, of Brooklyn, for appellant.

Martin T. Manton, of Brooklyn (William H. Griffin, of New York City, on the brief), for respondent.

WOODWARD, J. No question is raised upon this appeal that the defendant negligently operated one of its trolley cars, coming into collision with the plaintiff's wagon, throwing him out. There is likewise no question of contributory negligence raised, and it is not seriously questioned that the plaintiff received some injuries as the result of the collision. It is urged, however, that the judgment for $5,000 is excessive, and some suggestion of error is made in reference to the rejection of certain evidence and the refusal of the court to charge a request made by the defendant.

[1] There was evidence in the case that the plaintiff, 32 years

---

óf age at the time of the accident, received an injury to his head, manifesting particularly in his right ear, and that he became wholly deaf in that ear within a few days of the accident, and that the hearing of his left ear shows an impairment of 30 or 40 per cent., and that the condition is progressive, and will probably result in total deafness. It was likewise shown by competent evidence that the plaintiff could and did hear ordinary conversation at all times prior to his injury, with no manifestation of impairment of his hearing. The defendant introduced some testimony tending to show that the plaintiff had chronic catarrhal impairment of the inner ear, such as is common in this climate, and that this condition might account to some extent for the deafness; but the jury were carefully instructed upon this point, and we think the evidence is sufficient to establish that the deafness in the right ear is directly due to the accident, and that the impairment of the hearing of the left ear is due to the same cause, aggravating the previous catarrhal condition. While a smaller verdict might have satisfied this court, the amount is not so far in excess of what reasonable men might properly conclude as to require this court to intervene.

Under the evidence as it stood at the close of the case, we are of the opinion that the court could not properly have charged the request of the defendant that the jury could not award any degree of damages for the impairment of the hearing of the left ear.

[2] We are also of the opinion that it was not error for the court to exclude the card record of the hospital where the plaintiff was treated. The testimony indicates that there was an error in the record; that it was made up by persons other than those who made the examination, and at most it could only have raised a shadow of a doubt as to whether the plaintiff was examined by the physician who was upon the stand, and who testified that he had made such examination. The defendant called the physician who was indicated by the card, and he refused to identify the plaintiff, or to dispute the plaintiff, who declared that he had never seen him before. We think the evidence was properly excluded.

The judgment and order appealed from should be affirmed, with costs. All concur.